**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE:

JAMES A. JONES,                                    CASE NO.:  06-30122-LMK

    Debtor.                                        CHAPTER:  7

_____/

WHITNEY NATIONAL BANK,

    Plaintiff

v.                                                  ADV. PROC. NO.:  06-03022-LMK

JAMES A. JONES,

    Defendant.

_____/

YVONNE ZAREMBA,

    Plaintiff

v.                                                  ADV. PROC. NO.:  06-03023-LMK

JAMES A. JONES,

    Defendant.

_____/

## ORDER DENYING PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT

THIS MATTER was heard on the Motions for Summary Judgment (the "Motions," Docs. 78 and 83) filed by Whitney National Bank and Yvonne Zaremba ("Plaintiffs") in this consolidated adversary proceeding.  Summary judgment is sought by the Plaintiffs on their claims under 11 U.S.C. §§ 727(a)(3), (4), and (5), which allege that the Debtor-Defendant should be denied a discharge for his failure to maintain records, making a false oath, and failure to explain a loss of as-

sets.  For the reasons explained more fully herein, the Motions will be denied because there exist genuine issues of material fact which preclude the entry of summary judgment.  The Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(J).

## *Background*

Significant facts are disputed in this case.  Viewed in the light most favorable to him, the evidence depicts the Debtor as a self-made business man whose misfortune and bad business decisions depleted his assets and led to his bankruptcy.  The Debtor's wealth had been accumulated as the result of an acquaintance with Sam Walton, the President of WalMart.  A business relationship developed between WalMart and Mass Consultants, the Debtor's former closely-held corporation, which earned Mass Consultants and the Debtor millions until a dispute arose regarding the delivery of Italian leather furniture in 2004.  This dispute caused the collapse of the business relationship between WalMart and Mass Consultants, and the Debtor began to seek out other business opportunities in which to invest.  Sometimes these investments were made through Mass Consultants, but usually a separate entity was created.  Invariably, these ventures ended in failure, and eventually the Debtor and Mass Consultants were not even able to obtain bank accounts.  The combination of failed business ventures, an overseas scam, ongoing business expenses, the purchase of a new home, and the Debtor's drinking and gambling exhausted the Debtor's small fortune, culminating with the filing of his voluntary Chapter 7 petition.

## *Discussion*

Summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056). The burden is on the moving party to demonstrate that it is entitled to summary judgment. *Info. Sys. and Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224-25 (11th Cir. 2002). If the moving party carries its burden, the non-moving party must then show the existence of a genuine dispute on any issue for which it will bear the burden of proof at trial. *Id.* All evidence must be viewed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in the non-moving party's favor. *See id*. A factual issue is genuine if there is any evidence which could reasonably support a verdict for the non-moving party. *Id.*

The Plaintiffs assert that the undisputed facts entitle them to summary judgment on three statutory grounds. First, under § 727(a)(3), the Debtor's unjustifiable failure to adequately maintain various records makes it impossible to ascertain his financial condition. Second, under § 727(a)(4), the Debtor has made false oaths on his Schedules and Statement of Financial Affairs by omitting certain transactions and misstating others. Third, under § 727(a)(5), the Debtor has failed to explain satisfactorily the loss of assets.

The Debtor has shown genuine disputes as to all of the Plaintiffs' allegations. He points to the voluminous documentation that has been produced and the deposition of his accountant to demonstrate that his records are sufficient to ascertain his financial condition. Alternatively, the Debtor says his failure to maintain the records was justified under the circumstances. Further, the Debtor asserts that his Statement of Financial Affairs and Schedules are accurate, and any omissions or misstatements were unintentional. As for the allegedly lost assets, the Debtor asserts that their disposition is explained satisfactorily by the general ledgers, bank accounts, tax returns, and other documentation.

*Count I – § 727(a)(3)*

Although the Eleventh Circuit has not definitively announced the elements that must be proven in order to prevail on a claim under § 727(a)(3), other circuit courts have held that a plaintiff must show that the debtor failed to maintain or preserve adequate records, and that such failure makes it impossible to ascertain the debtor's financial condition. *Meridian Bank v. Alten*, 958 F.2d 1226, 1232 (3d Cir. 1992); *Mercantile Peninsula Bank v. French (In re French)*, 499 F.3d 345, 354-57 (4th Cir. 2007) (concluding that summary judgment was inappropriate due to genuine factual disputes as to the circumstances of the case and adequacy of the records themselves); *see also In re Dennis*, 330 F.3d 696, 703 (5th Cir. 2003). A plaintiff need not show bad intent in connection with the missing records. *Razzaboni v. Schifano (In re Schifano)*, 378 F.3d 60, 70 (1st Cir. 2004). The records' adequacy depends largely on the factual circumstances of the case; the records are adequate if there is written evidence substantiating the debtor's present financial condition going back for a reasonable period in the past such that intelligent inquiry can be made into the debtor's transactions. *See Meridian Bank*, 958 F.2d at 1230-31; *In re French,* 499 F.3d at 354-55. Perfect records are not required of debtors, *In re French,* 499 F.3d at 354-55, but the production of a jumbled mass of disorganized papers is inadequate, *In re Hughes*, 873 F.2d 262, 264 (11th Cir. 1989). The records should be such that a competent accountant can ascertain the debtor's financial condition from them. *Noroian v. Hern*, 422 F.2d 1092 (9th Cir. 1970). Once the objecting party produces evidence showing that the debtor's records are inadequate, the burden shifts to the debtor to justify the inadequacy. *Meridian Bank*, 958 F.2d at 1233.

The Plaintiffs allege that the Debtor has failed to maintain records related to various transactions and ventures, and that the records have been produced in a disorganized manner. In re-

sponse, the Debtor emphasizes that his accountant, Timothy Fulmer, stated that he can ascertain the Debtor's financial condition from the documents that have been provided. (*Timothy Fulmer Deposition,* Doc. 98, Ex. D; *Accountant Expert Report,* Doc. 97, Ex. A). This alone would seem to create a genuine issue of material fact as to the adequacy of the records.

The Debtor goes on to insist that his records are sufficient, pointing to around 10,000 pages of documentation that have been produced, including bank statements, general ledgers, and tax returns for both the Debtor and Mass Consultants. Whether the records are so disorganized that the debtor should be denied a discharge is generally a question of fact inappropriate for summary judgment, and the records here are not so disorganized that the Debtor should be denied a discharge as a matter of law. Further, the Debtor asserts that any failure to maintain records was justified because the allegedly missing records pertain to businesses that failed long ago, or they pertain to ventures in the name of Mass Consultants that do not relate to the Debtor's financial condition.

The Debtor has produced at least some documentation with respect to each of the transactions for which the Plaintiffs allege records were not maintained, or he has suggested a tenable justification for their absence. As in *In re French,* 499 F.3d at 351-57, there appear to be genuine issues of material fact as to whether the Debtor has adequately maintained records for purposes of § 727(a)(3), and, assuming he has not, whether such failure was justified under all of the circumstances of the case. Accordingly, summary judgment must be denied as to Count I.

*Count II - § 727(a)(4)(A)*

In order to prevail on a claim under § 727(a)(4)(A), a plaintiff must show that the debtor knowingly made a false oath with the intent to defraud. *See Chalik v. Moorefield (In re Chalik),*

748 F.2d 616, 618-19 (11th Cir. 1984); *Rutland v. Petersen (In re Petersen)*, 323 B.R. 512, 517 (Bankr. N.D. Fla. 2005). Omissions are false oaths for purposes of § 727(a)(4)(A). *Chalik,* 748 F.2d at 618-19. The Plaintiffs argue that a reckless disregard for the truth is sufficient to satisfy the intent element. However, the language of § 727(a)(4)(A) indicates that the false oath must be made with the actual intent to defraud creditors in order for the debtor to be denied a discharge. *See Keefe v. Rudolph (In re Rudolph),* 233 Fed. Appx. 885, 889 (11th Cir. 2007) (unpublished). Intent is a question of fact; while it may be inferred from the totality of the circumstances, *see In re Ingersoll*, 124 B.R. 116, 123 (M.D. Fla. 1991), summary judgment is not appropriate if more than one inference could reasonably be drawn from the undisputed facts, *In re Printy*, 188 B.R. 61, 69-70 (Bankr. D. Mass. 1995); *see Mize v. Jefferson City Bd. Of Educ.,* 93 F.3d 739, 742-44 (11th Cir. 1996).

The Plaintiffs have made numerous allegations of omissions and misstatements in connection with the Debtor's bankruptcy case. In response, the Debtor asserts that his bankruptcy papers are accurate, but if not, they are not intentionally inaccurate. One of the Plaintiffs' main allegations is that the Debtor omitted various business entities from his Schedules and Statement of Financial Affairs. The Debtor argues that these entities were not required to be disclosed because he never had any interest in them; they all involved Mass Consultants, and since they do not relate to the Debtor personally, he was not required to disclose them. Whether this is so depends on characterizations of the disputed transactions. Essentially, the Debtor has asserted legal positions, the sustainability of which turn on factual determinations improper for summary judgment.

Assuming that certain information was omitted or misstated, the Debtor insists that the omissions or misstatements were unintentional. For example, the Debtor argues that distributions the Debtor received from Mass Consultants did not have to be disclosed because Mass Consultants

borrowed more money from the Debtor than it distributed to him.  If these transactions were re-quired to be disclosed, the Debtor insists that he did not knowingly and fraudulently omit them.

The Debtor has suggested an excuse for each alleged omission and misstatement.  There may have been some omissions and misstatements, but under the circumstances it cannot be said—as a matter of law—that the Debtor knowingly and fraudulently omitted or misstated the informa-tion.  *See In re French,* 499 F.3d at 351-57.  Therefore, summary judgment is not appropriate as to Count II.


*Count III - § 727(a)(5)*

To prevail on an objection to discharge under § 727(a)(5), a plaintiff must show that the deb-tor used to have an asset that is no longer available for distribution to creditors.  *ITT Commercial Fin. Corp. v. Walz*, 115 B.R. 353 (Bankr. N.D. Fla. 1990).  Once it is shown that there has been a loss of assets, the burden shifts to the debtor to explain satisfactorily the loss.  *Id.*  To be satisfac-tory, the explanation must be such that it convinces a judge.  *Hawley v. Cement Industries, Inc. (In re Hawley)*, 51 F.3d 246, 249 (11th Cir. 1995); *Chalik*, 748 F.2d 616, 619.  Vague and inde-finite explanations are not sufficient.  *Hawley,* 51 F.3d at 249.  Whether the debtor's explana-tions are satisfactory is a question of fact.  *See id.* at 248.

The Plaintiffs have identified assets which allegedly have been lost without explanation.  The Debtor responds that he has satisfactorily explained the disposition of each of these assets.  For example, the Plaintiffs complain that the Debtor has lost $2.5 million in securities.  The Debtor explains that he still has the stock, but it is now worthless.  In addition, the Plaintiffs complain about the loss of value of personal property.  The Debtor responds that the difference in value of personal property between a prior personal financial statement and the debtor's schedules alone

is not enough to deny discharge, *see ITT Commercial*, 115 BR 353 (Bankr. N.D. Fla. 1990), and at any rate the Debtor has said that he felt that the post-petition appraisal was too low.

The Debtor has provided a plausible explanation with at least some documentation for each of the allegedly missing assets, thus raising genuine issues as to whether those explanations are satisfactory. Therefore, summary judgment must be denied as to Count III.

## *Conclusion*

There being genuine issues of material fact with respect to all of the Plaintiffs' allegations, it is hereby

ORDERED and ADJUDGED that the Motions for Summary Judgment filed by Whitney National Bank and Yvonne Zaremba (Docs. 78 and 83, respectively) are DENIED.

DONE and ORDERED in Tallahassee, Florida this 7th day of December, 2007.

LEWIS M. KILLIAN, JR.
United States Bankruptcy Judge

cc:  all interested parties